UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01862-DOC-DFMx            Date: January 11, 2024

Title: WILLIAM HARRIS V. RELIGION OF SPORTS MEDIA, INC.; NETFLIX, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [14]

Before the Court is Defendants Religion of Sports Media, Inc. ("RSM") and Netflix, Inc. ("Netflix") (collectively "Defendants") Motion to Dismiss Plaintiff William Harris's Complaint ("Motion" or "Mot.") (Dkt. 14). The Court finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons explained below, the Court DENIES the Motion.

I. **Background**

     A. **Facts**

Plaintiff Harris is a director and videographer who filmed and owns the original work titled *Anatomy of UFC 223: Episode 11 – The Infamous Conor McGregor Bus Attack & Aftermath*, United States Copyright Registration No. PA 2-429-526 (the "Subject Work"). Complaint ("Compl.") (Dkt. 1) ¶ 9, 10. Plaintiff published, publicly displayed, and disseminated the Subject Work, including on his website. *Id.* ¶ 11. After Plaintiff posted and displayed the Subject Work, RSM created, published, and distributed *McGregor Forever*, a documentary film (the "Disputed Work"), which was further distributed and displayed by Netflix. Compl. *Id.* ¶ 12. Plaintiff alleges that, in the creation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01862-DOC-DFMx                              Date: January 11, 2024

Page 2

of the Disputed Work, RSM utilized a three-and-a-half-second portion of the Subject Work without a license, authorization, or the consent of Plaintiff. *Id*. On May 17, 2023, Plaintiff contacted Defendants regarding the matter, which was not resolved. *Id.* ¶ 15. This action followed.

### B.   Procedural History

Plaintiff filed his complaint on October 3, 2023. Plaintiff's complaint alleges that Defendants both directly and vicariously or contributorily infringed upon Plaintiff's copyright in the Subject Work when they created, distributed, and displayed the Disputed Work. *Id.* ¶¶ 16-28. Plaintiff's complaint also alleges that Defendants violated 17 U.S.C. § 1202 by removing or altering Plaintiff's copyright management information ("CMI"). *Id.* ¶¶ 29-34.  In the motion at hand, Defendants move to dismiss Plaintiff's first cause of action, claiming that Defendants' alleged use of the Subject Work in the Disputed Work is protected by the fair use doctrine, the second cause of action due to such a claim being necessarily based upon Plaintiff's first cause of action, and the third cause of action under 17 U.S.C. §1202 of the Digital Millennium Copyright Act ("DMCA") for failure to adequately state a claim. Plaintiff filed his Opposition ("Opp'n") (Dkt. 21) on January 2, 2024. Defendants submitted their Reply ("Reply") (Dkt. 23) on January 8, 2024.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01862-DOC-DFMx	Date: January 11, 2024

Page 3

*Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, a court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when a court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## III. Discussion

Defendants move to dismiss Plaintiff's first cause of action for copyright infringement because Defendants claim that their alleged utilization of the Subject Work in the Disputed Work is protected by the fair use doctrine. Mot. 6-18. Defendants also move to dismiss Plaintiff's second cause of action, which alleges vicarious and contributory copyright infringement, arguing that this claim necessarily depends on Plaintiff's first cause of action. *Id.* 18. Defendants further move to dismiss Plaintiff's third cause of action, which alleges misrepresentation or alteration of CMI under 17 U.S.C. § 1202 of the DMCA, for failure to properly state a claim. *Id.* 18-20. The Court considers each argument in turn.

### A. Plaintiff's First and Second Causes of Action

Defendants argue that Plaintiff's first cause of action for copyright infringement should be dismissed because the fair use doctrine creates a "privilege to use copyrighted material in a reasonable manner without the consent of the copyright owner." *Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.*, 964 F.2d 965, 969 (9th Cir. 1992). Defendants do not deny their utilization of the Subject Work in the Disputed Work, instead relying wholly on the affirmative defense provided by the fair use doctrine. Accordingly, Defendants argue that Plaintiff's second cause of action, for vicarious and contributory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01862-DOC-DFMx                      Date: January 11, 2024

Page 4

copyright infringement, fails alongside Plaintiff's first cause of action, as "[s]econdary liability for copyright infringement does not exist in the absence of direct infringement by a third party." *Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014). Plaintiff opposes Defendants' motion, contending that Defendants copied the heart of the Subject Work in their creation of the Disputed Work and that Defendants prematurely seek to dismiss Plaintiff's claims without the introduction of any evidence supporting Defendants' fair use defense. The Court agrees with Plaintiff.

The Copyright Act lists four factors that courts consider in determining whether a given use of a copyrighted work falls under the protection of fair use. These are:

(1)     the purpose and character of the use, including whether such use is of a commercial nature;

(2)     the nature of the copyrighted work;

(3)     the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4)     the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. All four factors must be considered as a whole, without treatment in isolation. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994). These factors are non-exclusive, and a proper finding of fair use does not require the defendant to prevail on every factor. *See Norse v. Henry Holt & Co.*, 847 F. Supp 142, 145 (N.D. Cal. 1994). Fair use is a mixed question of law and fact, and undertaking a fair use analysis necessitates that the Court make factual findings or rely on undisputed or admitted material facts in coming to its conclusion. *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985). While fair use is an affirmative defense, an assertion of fair use may be considered on a motion to dismiss when no material facts are in dispute. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008).

Defendants devote numerous pages of their motion to their argument that their use of the Subject Work in the Disputed Work was a non-infringing fair use. However, making such a determination on a 12(b)(6) motion is inappropriate. As stated in *Leadsinger*, the court may decide the fair use issue on a 12(b)(6) motion only where there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01862-DOC-DFMx　　　　　　　　　　　　　　Date: January 11, 2024

Page 5

are no disputes of fact. *Id.* Here, the questions of the Disputed Work's effect on the market for the Subject Work and the comparative transformation between the Subject Work and the Disputed Work remain contested between the parties. A determination of fair use made at this stage, without the answers to such questions developed in the factual record through discovery, would be premature.

Accordingly, Defendants' motion to dismiss Plaintiff's first and second causes of action is DENIED.

### B.　　Plaintiff's Third Cause of Action

Finally, Defendants argue that Plaintiff's third cause of action, for removal and alteration of CMI under 17 U.S.C. § 1202, should be dismissed as Plaintiff did not properly state a claim by failing to differentiate which of the Defendants falsified or removed CMI, as well as failing to plead a non-conclusory theory of intent. Mot. 18-20. Plaintiff opposes, claiming that he included his name and copyright information in the Subject Work and that Defendants removed that information when Defendants allegedly copied the Subject Work. Reply 19.

A claim for the inclusion of false CMI under 17 U.S.C. § 1202(a) requires that the defendant "knowingly and with intent to induce, enable, facilitate, or conceal infringement, (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a). A claim for the removal or alteration of CMI under 17 U.S.C. §1202(b) requires that the defendant, "without the authority of the copyright owner or the law, (1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law." 17 U.S.C. § 1202(b). Additionally, the defendant must do so knowing, or having reasonable grounds to know, that the alteration of CMI will induce, enable, facilitate, or conceal an infringement. 17 U.S.C. § 1202(b).

In the Complaint, Plaintiff alleges that he included his name and CMI in the Subject Work, and that Defendants each removed that CMI from the Subject Work. Compl. ¶ 30, 31. Plaintiff further alleges that Defendants, by publishing and distributing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01862-DOC-DFMxDate: January 11, 2024

Page 6

the Disputed Work after their alleged removal of Plaintiff's CMI, effectively knowingly distributed false and altered CMI in violation of 17 U.S.C. § 1202. *Id.* ¶ 32-34. Such factual allegations at this stage of the proceeding, viewed in the light most favorable to Plaintiff, are enough to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

Accordingly, Defendants' motion to dismiss Plaintiff's third cause of action is DENIED.

## IV. Disposition

For the foregoing reasons, the Motion to Dismiss is **DENIED**. The Motion hearing scheduled for January 22, 2024, is **VACATED**. The parties are **ORDERED** to appear for the Scheduling Conference scheduled for January 22, 2024, at 8:30 a.m. to be held at the Los Angels First Street Courthouse, 350 West 1st Street, Courtroom 1, Los Angeles, California 90012.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11Initials of Deputy Clerk: kdu

CIVIL-GEN